PER CURIAM.
Sonya Hickman appeals her judgment and sentence which were entered by the trial court after she pled nolo contendere to the charge of unlawful possession of a controlled substance,[1] properly reserving her right to appeal the denial of her motion to suppress. We affirm.
Ms. Hickman first argues that she was subjected to an illegal stop; however, the record supports the trial court’s finding that her initial encounter with the arresting police officer was a consensual encounter. See State v. Mitchell, 638 So.2d 1015 (Fla. 2d DCA 1994).
Ms. Hickman also contends that she was subjected to an illegal search. Again, the record supports the trial court’s finding that the search of Ms. Hickman’s car and purse was proper because the search was incident to her arrest. See Union v. State, 660 So.2d 803 (Fla. 2d DCA 1995); State v. Moore, 619 So.2d 376 (Fla. 2d DCA 1993). Additionally, as the trial court aptly recognized, the search of Ms. Hickman’s purse was also required for officer safety since she “sought to have her purse accompany her to the jail which made the search a necessary element of the arrest and incident thereto.” See State v. King, 405 So.2d 770 (Fla. 5th DCA 1981).
Judgment and Sentence AFFIRMED.
W. SHARP, PETERSON and ANTOON, JJ., concur.

. § 893.13(6)(a), Fla. Slat. (1995).